UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

LIONEL L. EMBLER,                    )
                                     )  No.   CV-09-0208-CI
            Plaintiff,               )
                                     )  ORDER DENYING PLAINTIFF'S
v.                                   )  MOTION FOR SUMMARY JUDGMENT
                                     )  AND GRANTING DEFENDANT'S
MICHAEL J. ASTRUE,                   )  MOTION FOR SUMMARY JUDGMENT
Commissioner of Social               )
Security,                            )
                                     )
            Defendant.               )
_____)

        BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct.
Rec. 13, 18.)   Attorney Rebecca M. Coufal represents Plaintiff;
Special Assistant United States Attorney Franco L. Becia represents
Defendant.    The parties have consented to proceed before a
magistrate judge. (Ct. Rec. 6.) After reviewing the administrative
record and the briefs filed by the parties, the court **DENIES**
Plaintiff's Motion for Summary Judgment and directs entry of
judgment for Defendant.

        On November 14, 2005, Lionel Embler (Plaintiff) applied for
supplemental security income benefits (SSI), alleging disability
beginning on October 28, 2005.    (Tr. 18-26.)   Plaintiff filed
another application for SSI on March 20, 2006, alleging a disability

1  onset date of May 28, 1982. (Tr. 27-40.)  On July 19, 2009, notice

2  of ineligibility to receive SSI was sent to Plaintiff.  (Tr. 59-62.)

3  After denial on reconsideration, Plaintiff requested a hearing,

4  which was held before Administrative Law Judge (ALJ) Paul Gaughen on

5  October 30, 2008. (Tr. 234-71.)  Plaintiff, who was represented by

6  counsel, and Plaintiff's former spouse Audrey Embler testified.  ALJ

7  Gaughen denied benefits in a written decision dated January 16,

8  2009.  (Tr. 11-17.) The Appeals Council denied Plaintiff's request

9  for review.  (Tr. 3-5.)  This appeal followed.  Jurisdiction is

10 appropriate pursuant to 42 U.S.C. § 405(g).

11                         **STANDARD OF REVIEW**

12        In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the

13 court set out the standard of review:

14        The decision of the Commissioner may be reversed only
          if it is not supported by substantial evidence or if it is
15        based on legal error. *Tackett v. Apfel*, 180 F.3d 1094,
          1097 (9th Cir. 1999). Substantial evidence is defined as
16        being more than a mere scintilla, but less than a
          preponderance. *Id.* at 1098. Put another way, substantial
17        evidence is such relevant evidence as a reasonable mind
          might accept as adequate to support a conclusion.
18        *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the
          evidence is susceptible to more than one rational
19        interpretation, the court may not substitute its judgment
          for that of the Commissioner. *Tackett*, 180 F.3d at 1097;
20        *Morgan v. Commissioner of Social Sec. Admin.* 169 F.3d 595,
          599 (9th Cir. 1999).
21
          The ALJ is responsible for determining credibility,
22        resolving conflicts in medical testimony, and resolving
          ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
23        Cir. 1995).  The ALJ's determinations of law are reviewed
          *de novo*, although deference is owed to a reasonable
24        construction of the applicable statutes. *McNatt v. Apfel*,
          201 F.3d 1084, 1087 (9th Cir. 2000).
25

26        It is the role of the trier of fact, not this court, to resolve

27 conflicts in evidence. *Richardson,* 402 U.S. at 400.  If evidence

28

supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

C.F.R. §§ 404.1520(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9ᵗʰ Cir. 1971).  This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation.  20 C.F.R. §§ 404.1520(a).  At step five, the burden shifts to the Commissioner to show that (1) the claimant can perform other substantial gainful activity; and (2) a "significant number of jobs exist in the national economy" which claimant can perform.  20 C.F.R. §§ 404.1520(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1498 (9ᵗʰ Cir. 1984).

### STATEMENT OF FACTS

Plaintiff was awarded disability insurance benefits (DIB), effective in 1982, which he was receiving at the time of the hearing.  (Tr. 245.)  He applied for SSI on March 31, 2006, representing that he and his former spouse, Audrey Embler, were divorced, and he lived alone.  (Tr. 28-29.)  He testified he and Ms. Embler divorced so he could received benefits, but he and she continue to live together.  (Tr. 244-45.)  He also stated he had opened up a separate bank account six months to a year prior to the hearing. (Tr. 245.)

### ADMINISTRATIVE DECISION

The ALJ found Plaintiff was legally divorced from Audrey Embler when the March 31, 2006, application was filed.  (Tr. 12.) He also found that Plaintiff and Ms. Embler lived in the same residence since the SSI application, and Plaintiff received the benefit of

"the value of food, shelter and clothing provided by the pooling and/or co-mingling of resources with Audrey Embler." (Tr. 13.) ALJ Gaughen further determined Plaintiff and Ms. Embler had a joint checking account on March 31, 2006, from which both could access funds and make deposits. He found Plaintiff and Ms. Embler co-mingled funds and pooled their resources for the benefit of Plaintiff. (Tr. 15.) After a discussion of the record, the ALJ noted unsuccessful efforts by the Social Security Administration (SSA) to obtain additional information from Plaintiff regarding joint bank accounts with Ms. Embler. (Tr. 15-16.) The ALJ found Plaintiff failed to provide requested documentation that would overcome the presumption that he had access to resources held by Ms. Embler at the time of his SSI application. (Tr. 16.) He affirmed the SSA's finding that Plaintiff's deemed income, as described in the Social Security Regulations, on March 31, 2006, precluded entitlement to SSI benefits; he then concluded Plaintiff was ineligible for SSI benefits due to excess resources. (*Id*.)

**ISSUES**

The question presented is whether there is substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff argues the ALJ erred in calculating Ms. Embler's income as deemed income for purposes of SSI eligibility. (Ct. Rec. 14 at 8.) Defendant responds the ALJ properly found Plaintiff ineligible for benefits because he failed to rebut a presumption of commingled resources in a joint bank account with Ms. Embler as of March 2006. (Ct. Rec. 19 at 5.)

1                                **DISCUSSION**

2          The Supplement Security Income program is a need-based program

3    for people with disabilities. 42 U.S.C. § 1381a.  Eligibility is

4    precluded if a claimant's income exceeds the amount of SSI payment

5    for the month.   20 C.F.R. §416.1100.   Income may be earned or

6    unearned, cash or something that can be used to obtain food or

7    shelter.  20 C.F.R. §§ 416.1102, 1104.   Certain sources of income

8    are excluded in the calculation, such as state and local public

9    need-based assistance.  20 C.F.R. § 416.1124(c)(2).  In addition to

10   a claimant's income, income from a person with whom the claimant is

11   residing is considered (deemed) income to the claimant. 20 C.F.R. §

12   416.1160.   If a claimant's monthly income (actual and deemed)

13   exceeds $2,000 as of January 1, 1989, he is not eligible for SSI

14   benefits. 20 C.F.R. § 416.1205.

15         Here, the ALJ thoroughly summarized the record and hearing

16   testimony regarding sources of income from claimant and Ms. Embler.

17   (Tr. 12-16.)   He found Plaintiff's income consisted of his

18   disability insurance benefits, unearned income from Ms. Embler

19   deposited into a joint account accessible to Plaintiff, and the

20   value of food, shelter and clothing Plaintiff received monthly.

21   (Tr. 13.)  Plaintiff argues Ms. Embler's income as his care provider

22   is not deemed income for eligibility purposes; however, the ALJ's

23   finding of ineligibility is based on Plaintiff's failure to provide

24   proof that the joint accounts with Ms. Embler were not accessible to

25   him on March 31, 2006, when he applied for SSI.

26         If funds exist in a joint bank account held by Plaintiff and

27   Ms. Embler, the entire amount of funds are presumed to belong to

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

Plaintiff. 20 C.F.R. 416.1208(c)(1). The Regulations set forth the specific procedure necessary to rebut the presumption raised by a joint account in which one of the holders is a SSI claimant. 20 C.F.R. §416.1208(c)(4). Specifically, the SSI claimant must:

> (i) Submit his/her statement, along with corroborating statements from other account holders, regarding who owns the funds in the joint account, why there is a joint account, who has made deposits to and withdrawals from the account, and how withdrawals have been spent;

> (ii) Submit account records showing deposits, withdrawals, interest (if any) in the months for which ownership of funds is at issue; and

> (iii) Correct the account title to show that the individual is no longer a co-owner if the individual owns none of the funds; or, if the individual owns only a portion of the funds, separate the funds owned by the other account holder(s) from his/her own funds and correct the account title on the individual's own funds to show they are solely-owned by the individual.

*Id.* As found by the ALJ, Plaintiff did not meet his burden to rebut the presumption that all funds in the joint checking account belong to him. (Tr. 16.)

In support of his finding that Plaintiff is ineligible for SSI benefits, the ALJ referenced records from Washington Trust Bank that show deposits into and withdrawals from the separate account, but no evidence that the joint checking account at Washington Trust Bank prior to or after March 31, 2006, was closed. (Tr. 16.) Further, as found by the ALJ, Plaintiff testified he did not open a separate account until about six months before the hearing. (Tr. 245-46.) The record includes evidence that he had a separate account as of July 2006, but as found by the ALJ, Plaintiff failed to present the required evidence that he and Ms. Embler no longer co-mingled their income. (Tr. 16, *see also* Tr. 110-218, 136.) The ALJ properly

found Plaintiff failed to provide the information required by the Regulations to prove the joint account is closed and Ms. Embler's resources were not available to him as of March 31, 2006.[1] (Tr. 15-16.)

Because Plaintiff has not complied with the regulatory procedure to rebut the presumption that he had access to funds in the joint account as of March 31, 2006, all funds in the joint account are deemed his resources. The total of co-mingled resources in the joint account on average exceed Plaintiff's monthly SSI payments. (Tr. 13, 47, 59-71.) The ALJ did not err in finding Plaintiff ineligible for SSI benefits based on the record before the court. Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **DENIED.**

2. Defendant's Motion for Summary Judgment dismissal **(Ct. Rec. 18)** is **GRANTED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. The file

---

[1] In making these findings, the ALJ noted inconsistencies between Plaintiff's testimony and the record regarding his living arrangements with Ms. Embler. He found both Plaintiff and Ms. Embler testified they continued to live together after their divorce; however, Plaintiff represented on his March 31, 2006, application for SSI that he lived alone. (Tr. 15, 35, 244.) This inconsistency erodes to some degree Plaintiff's credibility. *See Tonapetyan v. Halter*, 242 F.3d. 1144, 1148 (9th Cir. 2001).

1    shall be **CLOSED** and judgment entered for **Defendant.**

2         DATED October 6, 2010.

3

4                        S/ CYNTHIA IMBROGNO
                  UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9